976 F.2d 1444
 298 U.S.App.D.C. 140
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jesse E. MARTIN, Appellant,
v.
John O., Jr. MARSH, Sec. Army, Appellee,
 No. 91-5076.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 23, 1992.
Rehearing and Rehearing En Banc
Denied Oct. 27, 1992.
 
 Before MIKVA, Chief Judge, HARRY T. EDWARDS and RUTH B. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the District Court and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Mr. Martin appeals the district court's order denying him relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Mr. Martin contends that the district court was clearly erroneous in its determination that Mr. Ingram did not discriminate against him on the basis of race, handicap, or reprisal for protected activities.
 
 
 3
 We conclude that appellant has failed to show that the district court was clearly erroneous in its findings of fact or credibility determinations. Although Mr. Martin succeeded in presenting a prima facie case of discrimination, he did not sustain his burden of proving that the employer's claimed reasons for the actions taken were pretextual or otherwise not true. It is well settled that once an employer has produced legitimate, non-discriminatory reasons for his conduct, it is up to the plaintiff to show by a preponderance of the evidence that the employer's proffered explanation is merely a pretext for unlawful discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). Since Mr. Martin was unable to demonstrate that the district court committed clear error by accepting the employer's proffered explanation, and could not provide any extrinsic evidence to rebut the credibility determinations made by the trial judge, this Court must defer to the judgment of the district court in accordance with Burdine, and Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985). We also hold that the district court properly concluded that Mr. Martin failed to state a claim under the Rehabilitation Act since he did not allege discrimination on the basis of his physical condition or offer any evidence to that effect. It is therefore
 
 
 4
 ORDERED and ADJUDGED that the judgment of the district court be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).